J. S30021/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                      :        PENNSYLVANIA
              v.              :
                                        :
JAMAR WAYNE W. WARREN,        :        No. 1487 EDA 2015
                                        :
          Appellant     :

Appeal from the PCRA Order, March 19, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004001-2008

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:        **FILED MAY 05, 2016**

Jamar Wayne W. Warren appeals, **pro se**, from the March 19, 2015 order dismissing his first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without a hearing.  We affirm.

The Commonwealth charged appellant with, **inter alia**, third-degree murder and possession of an instrument of crime, possession of firearm prohibited, firearms not be carried without a license, and carrying firearms in public in Philadelphia, and recklessly endangering another person.  Following a waiver trial, the trial court convicted appellant of third-degree murder and possession of an instrument of crime[1] on July 16, 2010.  On August 15, 2011, the trial court sentenced appellant to an aggregate term of 22½ to

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 907(a), respectively.

45 years' imprisonment with credit for time served. We affirmed the judgment of sentence on April 19, 2013. *See Commonwealth v. Warren*, No. 2444 EDA 2011, unpublished memorandum (Pa.Super. filed April 19, 2013). The Supreme Court of Pennsylvania denied appellant's petition for allowance of appeal on October 10, 2013. *See Commonwealth v. Warren*, 77 A.3d 637 (Pa. 2013).

Appellant filed a *pro se* PCRA petition on November 15, 2013. The trial court appointed Barnaby Wittels, Esq., to represent appellant on May 19, 2014. Attorney Wittels filed a motion to withdraw as counsel on February 4, 2015, and he filed a no-merit letter pursuant to *Turner*/*Finley*.[2] On February 25, 2015, the trial court issued a notice to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On March 19, 2015, the trial court dismissed appellant's PCRA petition and permitted Attorney Wittels to withdraw his representation.

On April 30, 2015, the trial court reinstated appellant's rights to appeal to this court *nunc pro tunc* on the grounds that the March 19, 2015 order dismissing appellant's PCRA petition was not forwarded to appellant. Appellant filed a notice of appeal to this court on May 12, 2015. On July 1, 2015, the trial court ordered appellant to file a concise statement of errors

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Despite appellant's failure to comply with its order, the trial court filed an opinion.

Before we can address the merits of the instant appeal, we must first determine whether appellant's issues have been waived.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [*Commonwealth v.*] *Lord* that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [719 A.2d 306, 309 (Pa. 1998).]

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

Here, appellant failed to submit a concise statement of errors complained of on appeal as ordered by the trial court. We, therefore, are constrained to find his issues waived for the purposes of appeal.

Order affirmed.

J. S30021/16

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016

- 4 -